IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

|  |  |
|---|---|
| JIAYI LIU,<br><br>          Petitioner,<br><br>     vs.<br><br>SHIKHA DOSANJ, *in her official capacity as Warden of the Federal Detention Center, Honolulu, Hawaii*,<br><br>          Respondent. | CV. NO. 26-00318 DKW-RT<br><br>**ORDER DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS**[1] |

Petitioner Jiayi Liu has been detained at the Federal Detention Center in Honolulu, Hawaiʻi for *thirteen (13) months* without being provided *any* process at *any* point related to whether it is, in fact, necessary to continue said detention. Aggrieved by this state of affairs, Liu petitions for a writ of habeas corpus, arguing, *inter alia*, that his continued civil detention without any determination as to its need violates the Due Process Clause of the Fifth Amendment.

In response, the government declines to address Liu's due-process argument. Instead, the government conjures up phantom claims and allegations to defeat issues that are simply not presented in the instant habeas petition. Specifically, the

---

[1]Pursuant to Local Rule 7.1(c), the Court addresses this matter without a hearing.

government concocts jurisdictional challenges that have been rejected by the U.S. Supreme Court, challenges that Liu does not make.

This unsatisfactory response places the Court in the precarious position of addressing a constitutional challenge without proper government input.  The Court thus directs the government to file a supplemental response.  Specifically, in said supplement, the government shall confirm whether, for purposes of this case, it is not challenging Liu's entitlement to an individualized bond hearing before an Immigration Judge where the government must show by clear and convincing evidence that Liu's continued detention is necessary based upon either his danger to the community or risk of flight.

## BACKGROUND

On June 23, 2026, Liu initiated this proceeding with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241 ("habeas petition") against Respondent Shikha Dosanj—the Warden of the Federal Detention Center in Honolulu, Hawai'i (FDC) and, thus, Liu's custodian.  Dkt. No. 1.  Therein, Liu alleged the following relevant information.  He is a citizen of China, who entered the United States in November 2023 without inspection.  *Id*. at ¶¶ 1-2.  One day after entering the United States, the U.S. Department of Homeland Security (DHS) served Liu with a notice to appear (NTA), charging him with being removable on the ground that he was present in the United States without having been admitted.

*Id*. at ¶ 2.  Despite being so charged, it appears Liu was released from government custody at this time.  *See id*. at ¶ 3.  In February 2024, Liu filed an application for asylum, claiming fear of persecution should he be returned to China.  *Id*. at ¶ 3.

On June 27, 2025, U.S. Immigration and Customs Enforcement detained Liu and transferred him to the FDC.  *Id*. at ¶ 4.  In October 2025, DHS amended the NTA, alleging that Liu was not in possession of a valid immigrant visa at the time of his admission.  *Id*. at ¶ 5.  Also in October 2025, an Immigration Judge denied Liu's application for asylum and ordered him removed to China.  *Id*. at ¶ 6.  In November 2025, Liu appealed the denial of his asylum application—an appeal that "remains pending."  *Id*. at ¶ 7.  Since Liu's detention, he has not received an individualized determination regarding whether his detention is necessary to prevent flight or to protect the community.  *Id*. at ¶ 8.

Following these allegations, Liu asserted three claims for relief.  The first two claims were brought under the Due Process Clause of the Fifth Amendment. Essentially, in both, Liu argued that his detention violated due process because it had never been determined whether the detention was reasonably related to any legitimate custodial purpose, such as protection of the community or preventing flight.  In the third, "alternative", claim, Liu argued that his detention should be governed by Section 1226(a) of Title 8 of the United States Cade, as opposed to Section 1225(b) of the same Title.  Liu further argued that, should his detention be

so construed, Section 1226(a) also entitled him to an individualized custody determination.

On July 15, 2026, the government filed a response to very little of the habeas petition. Dkt. No. 14. More specifically, the government principally argued that this Court lacked jurisdiction to consider Liu's claims. This was so, according to the government, because 8 U.S.C. Section 1252(g) bars district courts from "challenges to decisions and actions about *whether* and *when* to commence removal proceedings[]" and "the *method* by which the Secretary of Homeland Security chooses to commence removal proceedings." *Id*. at 7 (emphasis in original). The government also contended that jurisdiction was "further" stripped from this Court because 8 U.S.C. Section 1252(b)(9) "channel[s] all challenges to immigration proceedings" to the courts of appeals. *Id*. at 10. In addition, presumably in relation to Liu's third claim, the government also asserted that Section 1225(b), as opposed to Section 1226(a), applied to Liu's detention because he is "an applicant for admission" and, thus, "ineligible for a custody redetermination hearing before an [Immigration Judge]." *Id*. at 14. Finally, in one passing, breezy clause of a single sentence, the government also contended that Liu's "statutorily mandated detention does [not] give rise to a Due Process violation." *Id*. at 13. No further mention, let alone explanation, is provided anywhere in the response for this conclusive statement.

On July 20, 2026, Liu filed a reply.  Dkt. No. 15.  Therein, Liu argued that the government's response "mischaracterizes" the habeas petition.  *Id*. at 1.  According to Liu, this is because the habeas petition raised no claim challenging Liu's immigration classification, the initiation of removal proceedings, the Immigration Judge's denial of asylum, any issue with respect to the appeal of that denial, or the classification of Liu as an "applicant for admission".  *Id*.  Instead, Liu asserts that he presents "a single constitutional question"—whether his continued detention violates due process—something which Liu observes the government "fail[ed] to address" in its response.  *Id*. at 1, 16.

## APPLICABLE LAW

Pursuant to Section 2241(c)(3), a writ of habeas corpus may not issue unless a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

Here, in the habeas petition and as further clarified in the reply, Liu argues that his custody violates the Due Process Clause of the Constitution's Fifth Amendment.  "Freedom from imprisonment−from government custody, detention, or other forms of physical restraint−lies at the heart of the liberty [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  However, the Supreme Court has explained that the government may, consistent with due process, detain without bail an individual where the government's interests are

"sufficiently weighty…." *United States v. Salerno*, 481 U.S. 739, 750 (1987).
Two "sufficiently weighty" interests are when a detainee presents a risk of flight or
a danger to the community. *Id*. at 747, 749.

## **DISCUSSION**

The Court begins by addressing the government's jurisdictional challenges,
all of which are meritless in light of the actual allegations and claims of the habeas
petition. The reason is straightforward--at least for anyone who actually reviewed
the habeas petition. The government argues that Liu's claims are jurisdictionally
barred because Section 1252 prohibits claims related to *commencing* a removal
proceeding. Dkt. No. 14 at 7. The basic flaw with this argument is that Liu does
not challenge in any way the commencement of his removal proceeding. In fact,
the habeas petition clearly avoids any such challenge perhaps in recognition of the
government's likely response.

Once the habeas petition is properly characterized—as one solely focused,
whether constitutionally or statutorily, upon the justification, or lack thereof, for
Liu's *detention*—case law from the Supreme Court clearly reflects that there is no
jurisdictional bar to this case. In *Jennings v. Rodriguez*, 583 U.S. 281, 294-295
(2018), the Supreme Court concluded that Section 1252(b)(9)—one of the
provisions relied upon by the government here—does not bar a challenge to a
detainee's allegedly excessive detention because the same did not seek review of

any part of the detainee's removal.  This is an identical situation to the one here.

Similarly, the *Jennings* Court explained that Section 1252(g)—the other provision

relied upon by the government here—concerns "just" the commencement of

removal proceedings, the adjudication of removal cases, and the execution of

removal orders.  *Id*. at 294.  As explained above, none of the claims in the habeas

petition concern those three matters.  Therefore, Section 1252(g) does not bar this

action.

Stripped of these jurisdictional arguments, the government's response

becomes simply a statement that Section 1225(b) authorizes "mandatory

detention".  Dkt. No. 14 at 13-14.  This is known, however, and once again, not

challenged.  *Jennings*, 583 U.S. at 302.  The answer unknown following *Jennings*,

and asked in the habeas petition, is whether the Due Process Clause, rather than a

statute, permits a detention such as the one to which Liu is subject.  *See id*. at 312.

Other than one bald 14-word assertion that Liu's *thirteen-month* detention does not

violate due process, Dkt. No. 14 at 13, the government's response ignores this

question, despite it being the basis for Liu's first two claims.

In other words, arguably, the Court could consider Liu's due-process-based

claims as unopposed.  *See, e.g.*, *Rojas v. Mullin*, 2026 WL 1105039, at *1 (C.D.

Cal. Apr. 17, 2026) ("the court construes respondents' failure to address

petitioner's due process claim as a concession."); *see also* Dkt. No. 14 at 17-18

(stating that, if "mandatory detention is not required", the "appropriate remedy is to order that the immigration court hold a bond hearing.").  From the Court's perspective, however, the matter is unclear.  Therefore, the Court DIRECTS the government to file a supplemental response solely to confirm whether, for purposes of this case, it is not challenging Liu's entitlement to an individualized bond hearing before an Immigration Judge where the government must show by clear and convincing evidence that Liu's continued detention is necessary based upon either his danger to the community or risk of flight.

The government shall have until **August 4, 2026** to file the above-directed supplemental response.  No other position or argument may be presented in the supplemental response.  Should the government clarify that it *is* challenging Liu's entitlement to such a hearing, the Court will then determine, based upon the briefing received up to this point, whether Liu's thirteen-month detention without any determination of the regulatory need for the same violates due process.

IT IS SO ORDERED.

Dated:  July 31, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*Liu v. Dosanj*; CV. NO. 26-00318 DKW-RT; **ORDER DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS**